UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE 2026 AUG 27 P 3:29 U.S. DISTRICT COURT DISTRICT OF MASS.

Nakoya Davis,

Plaintiff,

v.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT

1. Plaintiff Nakoya Davis obtained her consumer file from Defendant Experian Information Solutions, Inc. to review what Experian knows, stores, and reports about her financial history. What she received instead was a document that answers a different question than the one she asked: it discloses selected conclusions about her accounts while withholding, garbling, or internally contradicting the underlying data Experian's own systems maintain.

2. Congress created a distinct disclosure right for exactly this situation. Under 15 U.S.C. § 1681g(a)(1), a consumer reporting agency must disclose, upon request, all information in the consumer's file, not merely a curated summary of it. The duty does not depend on proving the information is inaccurate; it is a freestanding right to see what the agency actually holds, stated in a form the consumer can understand and use.

3. The Disclosure Experian sent Plaintiff shows why that distinction matters. Six of her twelve reported accounts, furnished by six different, unrelated creditors and collection agencies, carry an identical, repeated "Invalid date" notation in place of the dates those accounts' own comment histories are supposed to record. Two accounts contain payment-history narratives that contradict, on the same page, the very charge-off grids printed beside

them. Five accounts list a single static payment date, unchanged, next to twenty-two to twenty-four consecutive months of otherwise-current balance data, as though a single moment in 2022 had been copied forward for years. These are not the marks of missing data. They are the marks of data Experian's systems possess and are not disclosing clearly or accurately, generated by the same automated disclosure process that is the subject of a pending enforcement action brought by Experian's own primary federal regulator.

4. As a result, Plaintiff cannot verify her own credit history, cannot meaningfully exercise her reinvestigation rights under 15 U.S.C. § 1681i because she does not know what Experian's file actually says, and has spent time and effort attempting to reconcile a disclosure that will not reconcile with itself.

5. Plaintiff brings this action under 15 U.S.C. §§ 1681n and 1681o for Experian's willful, or in the alternative negligent, failure to comply with 15 U.S.C. § 1681g(a)(1), and seeks statutory damages, punitive damages, injunctive relief, and costs.

## PARTIES

6. Plaintiff Nakoya Davis is a natural person residing at 232 Quincy St, Brockton, Massachusetts 02302, and is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

7. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation that regularly conducts business in the Commonwealth of Massachusetts and throughout the United States, assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties. Experian is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action arises under the laws of the United States.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to this action, including Plaintiff's receipt and review of the Disclosure described below, occurred in this District.

## FACTUAL ALLEGATIONS

### A. The Disclosure

10. On August 23, 2026, Experian generated and provided to Plaintiff a consumer file disclosure bearing Report Number 1853-8094-24 (the "Disclosure"), attached as Exhibit A.

11. The Disclosure states that it reflects 12 accounts, 0 public records, and 1 hard inquiry.

12. Plaintiff requested and reviewed the Disclosure to evaluate the completeness and accuracy of the information Experian maintains and reports about her.

### B. Experian Possesses the Data It Failed to Disclose Clearly and Accurately

13. On information and belief, Experian maintains Plaintiff's file, including dispute-processing and disclosure-generation records, within the CAPS database, and specifically within the Dispute Response Log and Disclosure Log components of that database, which Experian

has been ordered to produce in discovery in other federal litigation. CFPB v. Experian Info. Sols., Inc., No. 8:25-cv-00024-MWC-DFM (C.D. Cal.), Dkt. 129 (Mar. 6, 2026) (order compelling production of "the data contained in the Dispute Response Log and the Disclosure Log within the CAPS database").

14. Plaintiff requested her file under 15 U.S.C. § 1681g(a)(1). "File" is defined at 15 U.S.C. § 1681a(g) as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." The statute uses the term "consumer file," not "consumer report," and imposes disclosure duties broader than, and subject to narrower exceptions than, those governing a "consumer report." Reading the two terms as equivalent would render one of them redundant. Nunnally v. Equifax Info. Servs., LLC, 451 F.3d 768, 773 (11th Cir. 2006). A federal court applying this same file/report distinction against two other nationwide credit bureaus recently denied a motion to dismiss an analogous § 1681g(a)(1) claim for omitted tradeline payment history. Stafford v. Trans Union, LLC, No. 4:25-cv-921-JDK-JDL (E.D. Tex.), Order Adopting Report and Recommendation, Dkt. 30 (Feb. 25, 2026), adopting Report and Recommendation, Dkt. 25 (Nov. 17, 2025).

15. The information omitted, garbled, or internally contradicted in the Disclosure, described in detail below, was furnished to Experian by Plaintiff's creditors and collection agencies and appears in the consumer report products Experian sells to third parties. It is not internal, proprietary record-keeping data of the kind some courts have excluded from the "file" definition. See Cortez v. Trans Union, LLC, 617 F.3d 688, 712 (3d Cir. 2010) (file disclosure obligations extend to furnished data of this kind, as distinct from purely internal record-keeping mechanisms).

16. Section 1681g(a)(1) imposes a disclosure duty distinct from the inaccurate-reporting provisions of 15 U.S.C. §§ 1681e(b) and 1681i. A plaintiff need not plead an inaccuracy under either of those provisions to state a claim under § 1681g(a)(1). Blevins v. Equifax Info. Servs., LLC, No. 1:25-cv-23481-BB (S.D. Fla.), Order Denying Motion for Judgment on the Pleadings, ECF No. 24 (Dec. 29, 2025). Plaintiff pleads the internal contradictions described below as evidence that Experian possesses accurate underlying data it is not disclosing, not as an element of this claim.

17. The omissions and internal contradictions described below defeat the purpose of the statutory scheme. Knowing the original creditor is essential to understanding the origin of a debt, and complete, consistent account histories let consumers cross-reference their own records; the deficiencies described below hinder Plaintiff's ability to verify her accounts and exercise her reinvestigation rights under 15 U.S.C. § 1681i in an informed manner. The disclosure requirements of § 1681g are designed to protect consumers' interest in learning of inaccuracies in their credit files so they can correct them before further dissemination. TransUnion LLC v. Ramirez, 594 U.S. 413, 440 (2021); Blevins, ECF No. 24 at 5.

18. Nothing elsewhere in the Disclosure, viewed in its entirety, supplies the information identified as missing, garbled, or contradictory in the paragraphs below, or otherwise cures the deficiencies identified below; the accurate data appears nowhere else in the document Experian sent Plaintiff.

19. Whether the deficiencies described below reflect a failure by Plaintiff's creditors and collection agencies to furnish complete data to Experian, as Experian will presumably contend, or Experian's own failure to accurately retrieve, process, and disclose data it

possesses, as Plaintiff alleges, is a question answerable only from Experian's own systems, including the CAPS database identified above, and from the consumer report products Experian transmitted to the third party identified in Section E below. Plaintiff will seek that information in discovery.

## C. The Account-Level Deficiencies

20. The Disclosure's account for ADS/COMENITY/MYPOINTSRWD states, in its narrative payment history, that the account was "60 days past due as of Jan 2024" and reads "Charge Off as of Aug 2026 to May 2024," placing the charge-off in May 2024. The payment-history grid printed for the same account on the same page, however, codes January, February, March, and April 2024 as "CO" (charge off), a status the narrative for the same account states was not reached until May 2024. Both statements describe the same account for the same months; they cannot both be accurate.

21. The Disclosure's account for JPMCB CARD states, in its narrative payment history: "Charge Off as of Aug 2026 to Aug 2023,Oct 2022," naming two different dates, ten months apart, for when the same account reached charge-off status. The account's own 30/60/90/120/150/180-day delinquency progression and its "Status Updated" field place the charge-off in October 2022. The payment-history grid for the same account shows "ND" (no data) for January through July 2023, "CO" for August through October 2023, and then "ND" again for November and December 2023, an internally inconsistent pattern for an account the same disclosure describes as continuously charged off since October 2022.

22. The Disclosure's balance-history tables for the BANK OF AMERICA, CAPITAL ONE, DISCOVER CARD, JPMCB CARD, and WFBNA CARD accounts each list, for twenty-two to twenty-four consecutive months, an identical stated payment date attached to a $0 payment: "$0 . . . on 1/20/2022" for Bank of America; "$0 . . . on 2/16/2022" for both Capital One and Discover Card; "$0 . . . on 4/15/2022" for JPMCB Card; and "$0 . . . on 6/9/2022" for WFBNA Card. A single payment date recurring, unchanged, across dozens of monthly rows for accounts reporting no ongoing payment activity does not describe what happened in each of those months. It is a stored data value that Experian's disclosure system is recycling rather than accurately reporting.

23. The Disclosure's comment sections for the ADS/COMENITY/MYPOINTSRWD, BANK OF AMERICA, CAPITAL ONE, JPMCB CARD, MIDLAND CREDIT MANAGEMEN, and WFBNA CARD accounts each contain the identical placeholder text "Invalid date," repeated five to twenty-six times per account, in the position where a specific date should appear.

24. The Disclosure's account for MIDLAND CREDIT MANAGEMEN lists a balance-history entry for "Jan 2026" twice, in immediate succession, each showing an identical balance, scheduled payment, and paid amount.

25. Nothing elsewhere in the Disclosure supplies the accurate charge-off dates, accurate payment dates, or accurate monthly status contradicted in the paragraphs above, and the accurate data appears nowhere else in the document.

**D. Aggregate Pattern**

26. The deficiencies described above are not isolated to a single furnisher or account type. The identical "Invalid date" placeholder appears across six separate tradelines furnished by six unrelated creditors and collection agencies. Identical, unchanging payment dates appear across five separate charged-off credit card tradelines furnished by five unrelated banks. A charge-off-date contradiction and an internally inconsistent monthly-status grid appear on two separate accounts furnished by two unrelated creditors.

27. This uniform pattern, spanning unrelated furnishers and unrelated account types, is consistent with the output of the same automated disclosure system and template that Experian applies to consumer file requests, not with coincidental, unrelated errors by Plaintiff's individual creditors.

28. In total, the Disclosure contains no fewer than fifteen individually itemized blank, missing, static-placeholder, or internally conflicting data fields, spanning seven separate tradelines, as set forth in the itemized inventory attached as Exhibit D.

**E. Third-Party Dissemination**

29. On August 13, 2024, Experian transmitted a consumer report concerning Plaintiff to TD Bank, as evidenced by the inquiry recorded on Plaintiff's Disclosure as having occurred on that date.

30. On information and belief, the consumer report Experian transmitted to TD Bank on August 13, 2024 was generated from, and reflected, the same file data, including the deficient and internally contradictory fields described in Section C above, that Experian later disclosed to Plaintiff in the August 23, 2026 Disclosure.

**F. Willfulness**

31. In its Advisory Opinion on File Disclosure, Experian's primary federal regulator, the Consumer Financial Protection Bureau, interpreted 15 U.S.C. § 1681g(a)(1) to require disclosure of all information in a consumer's file, in a form the consumer can understand and use. 89 Fed. Reg. 4167 (Jan. 23, 2024). After publication of that Advisory Opinion, no reading of "file" that excludes furnished tradeline data of the kind at issue here remained an objectively reasonable interpretation of the statute. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69-70 (2007) (an interpretation is not objectively reasonable, and a violation is willful, where authoritative guidance forecloses it).

32. Experian's obligation to disclose complete and accurate file information has additionally been the subject of federal regulatory guidance for more than two decades. FTC Advisory Opinion, Darcy (June 30, 2000).

33. The uniform, cross-furnisher pattern described in Section D above, appearing identically across six unrelated data sources, is consistent with an automated disclosure template that Experian has used for an extended period, affecting consumers beyond Plaintiff. See Williams v. First Advantage LNS Screening Sols., Inc., 947 F.3d 735 (11th Cir. 2020) (a uniform, systemic pattern supports an inference of deliberate policy rather than isolated error).

34. Experian's continued operation of practices materially identical to those described in a pending federal enforcement action filed by its primary regulator confirms willful disregard of known legal obligations. Safeco, 551 U.S. at 69; CFPB v. Experian Info. Sols., Inc., No. 8:25-cv-00024-MWC-DFM (C.D. Cal.) (pending).

**G. Damages**

35. As a direct result of Experian's conduct described above, Plaintiff has been unable to verify the accuracy of derogatory balances Experian has reported and continues to report about her, including a reported $379 balance (ADS/Comenity/MyPointsRWD), a reported $798 balance (Bank of America), a reported $6,049 balance (Capital One), a reported $5,202 balance (Discover Card), a reported $5,032 balance (JPMCB Card), a reported $1,787 balance (Midland Credit Management), and a reported $2,112 balance (WFBNA Card).

36. Experian's failure to accurately and clearly disclose the underlying data described above has impaired Plaintiff's ability to exercise her reinvestigation rights under 15 U.S.C. § 1681i, because Plaintiff cannot determine with confidence what information Experian's file actually contains as to the dates and figures described in Section C above.

37. Plaintiff has spent time reviewing, cross-referencing, and attempting to reconcile the internally contradictory entries in the Disclosure described above, and preparing this action.

38. The willfulness allegations in Section F above independently support Plaintiff's standing to seek statutory damages. Safeco, 551 U.S. at 54; Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 622 (7th Cir. 2007). Independently, the informational and reinvestigation injuries pleaded in this Section G, arising from Experian's failure to accurately disclose data it possesses, constitute a concrete injury sufficient to satisfy Article III standing. TransUnion, 594 U.S. at 440.

**COUNT I**

**Willful Violation of 15 U.S.C. § 1681n**

**(Failure to Disclose Accurately: 15 U.S.C. § 1681g(a)(1))**

39. Plaintiff realleges and incorporates paragraphs 1 through 38 above.

40. Experian is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).

41. Experian willfully failed to disclose to Plaintiff, clearly and accurately, all information in Plaintiff's file, as required by 15 U.S.C. § 1681g(a)(1), as described above.

42. Experian's failure was willful within the meaning of 15 U.S.C. § 1681n, in that Experian acted in knowing or reckless disregard of its statutory disclosure obligations, as described in Section F above.

43. As a result, Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 for each violation, 15 U.S.C. § 1681n(a)(1)(A); punitive damages, 15 U.S.C. § 1681n(a)(2); and the costs of this action, 15 U.S.C. § 1681n(a)(3).

## COUNT II

**Negligent Violation of 15 U.S.C. § 1681o, in the Alternative**
**(Failure to Disclose Accurately: 15 U.S.C. § 1681g(a)(1))**

44. Plaintiff realleges and incorporates paragraphs 1 through 38 above.

45. In the alternative to Count I, if Experian's conduct described above is found not to have been willful, Experian negligently failed to disclose to Plaintiff, clearly and accurately, all information in Plaintiff's file, as required by 15 U.S.C. § 1681g(a)(1).

46. As a result, Plaintiff is entitled to actual damages, 15 U.S.C. § 1681o(a)(1), and the costs of this action, 15 U.S.C. § 1681o(a)(2).

## RESERVATION OF RIGHTS

47. Plaintiff reserves the right to seek leave to amend this Complaint to assert a claim under 15 U.S.C. § 1681i should discovery or further investigation identify documented dispute correspondence and an unreasonable reinvestigation supporting such a claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant on Count I, or in the alternative Count II;

B. Award Plaintiff statutory damages under 15 U.S.C. § 1681n(a)(1)(A), or actual damages under 15 U.S.C. § 1681o(a)(1);

C. Award Plaintiff punitive damages under 15 U.S.C. § 1681n(a)(2);

D. Order Experian to provide Plaintiff a complete and corrected file disclosure;

E. Award Plaintiff the costs of this action under 15 U.S.C. § 1681n(a)(3) or § 1681o(a)(2); and

F. Grant such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 26, 2026

Respectfully submitted,

Nakoya Davis

232 Quincy St

Brockton, MA 02302

Plaintiff, Pro Se